IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BLAISE S. KOKINDA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-06-828-HE |
| v. | ) | |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Respondent. | ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the convictions for Trafficking in Illegal Drugs (marijuana) and Possession of Drug Paraphernalia entered against him in the District Court of Oklahoma County, Case No. CF-03-39, for which he is serving a sentence of thirteen-years of imprisonment. Respondent has moved to dismiss the Petition on the basis of Petitioner's failure to exhaust state court remedies, to which Petitioner has responded. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Motion to Dismiss be denied and that the Petition be denied.

## I. Background

An Oklahoma City police officer stopped Petitioner for a traffic violation on an interstate highway in Oklahoma County. Petitioner was subsequently arrested when a law

enforcement drug dog alerted to the presence of drugs in Petitioner's car and approximately

thirty sealed bags of marijuana were discovered by officers inside a suitcase in the rear of the

Petitioner's rented vehicle.  Petitioner was charged in the District Court of Oklahoma County

with the offenses of Trafficking in Illegal Drugs, a felony, and Possession of Drug

Paraphernalia, a misdemeanor. Respondent's Supplemental Brief in Support of Motion to

Dismiss, Ex. 1 (Appellant's Brief).  Petitioner's counsel moved to suppress the evidence

obtained as a result of the vehicle search, a hearing was conducted in the trial court on

Petitioner's motion to suppress, and the motion to suppress was overruled. Id.  A jury trial

was conducted on the charges on May 10-11, 2004, and the jury returned verdicts of guilty

on each charge and recommended a sentence of 13 years imprisonment for the Trafficking

offense and six months incarceration in the Oklahoma County Detention Center for the

Possession of Drug Paraphernalia offense. Id. Petitioner was sentenced accordingly, and

Petitioner appealed the convictions to the Oklahoma Court of Criminal Appeals.

In his direct appeal, Petitioner was represented by the same counsel who represented

him at his trial.  In the appeal, Petitioner asserted in ground one that Okla. Stat. tit. 47, § 11-

309(1), the traffic law which the officer testified Petitioner violated immediately before he

was stopped, was unconstitutionally vague and confusing. Id.  Because the initial stop of

Petitioner was predicated upon an unconstitutionally vague and confusing statute, Petitioner

contended the initial stop was illegal and the evidence obtained as a result of that illegal stop

should have been suppressed. Id.  In ground two, Petitioner alleged that even if the traffic law

upon which the initial stop was based was constitutional, and the initial stop of Petitioner was

2

justified at its inception, the officer did not have sufficient reason to detain Petitioner in order to effectuate a search of his vehicle, and the detention and subsequent vehicle search violated Article II, § 30, of the Oklahoma Constitution and the Fourth Amendment to the United States Constitution.   In his third ground, Petitioner contended that the evidence was conflicting as to whether his rights under Miranda v. Arizona, 384 U.S. 436 (1966), were read to him after his arrest, and therefore the statements he made to officers following his arrest should have been suppressed.  Id.

The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's convictions in a summary opinion issued on August 5, 2005. In that opinion, the OCCA found with respect to Petitioner's ground one that Okla. Stat. tit. 47, § 11-309(1) "clearly gives fair notice that drivers are to signal before changing lanes" and that the statute is not void for vagueness on its face. Respondent's Brief in Support of Motion to Dismiss, Ex. 1 (Kokinda v. State, No. F-2004-546 (Okla. Crim. App. Aug. 5, 2005)(unpublished summary op.)).  With respect to Petitioner's ground two, the OCCA found that "the evidence shows Officer Cook observed [Petitioner] commit a traffic offense; therefore he had sufficient probable cause to stop [Petitioner]." Id.   Citing the standard espoused in State v. Paul, 62 P.3d 389, 390 (Okla. Crim. App. 2003), which relied on United States v. Hunnicutt, 135 F.3d 1345, 1349 (10th Cir. 1998), for determining when an officer may prolong detention associated with a traffic stop, the OCCA found that several facts gave the arresting officer an objectively reasonable and articulable suspicion of illegal activity warranting prolonged detention of Petitioner, including Petitioner's "untruthfulness about his criminal record, his

extreme nervousness, unusual travel plans, and his questionable authority to be driving the car rented in his girlfriend's name...." <u>Id.</u>  Further, the OCCA found that "once the drug dog alerted to the presence of drugs, there was sufficient probable cause to search the car without a warrant." <u>Id.</u>  Finally, with respect to the third issue raised by Petitioner in his appeal, the OCCA found that "although the evidence was conflicting, [Petitioner] was sufficiently informed of his rights prior to his interview with police....[and] there was sufficient evidence to support the trial court's finding that the Miranda warnings given to [Petitioner] were sufficient and that his subsequent statements were voluntarily made." <u>Id.</u> (footnote omitted). Thus, the OCCA rejected each of Petitioner's three grounds for relief and affirmed the convictions and sentences.

Petitioner now seeks federal habeas relief with respect to his convictions.  Petitioner contends in ground one that the warrantless search of his vehicle violated the Fourth Amendment because he denied the officer permission to search his vehicle and the drug dog brought to his vehicle by another officer was allowed to jump into the vehicle through an open window.  In ground two, Petitioner contends that he was denied effective assistance of appellate counsel in violation of the Sixth Amendment because his appellate counsel failed to assert that an unreasonable search and seizure occurred when the officer allowed the drug dog to jump into Petitioner's vehicle through an open window without first obtaining a warrant.

Curiously, Petitioner asserts that the proposition asserted in ground one of the Petition was raised in his direct appeal.  If the Fourth Amendment claim asserted in ground one was

indeed raised in Petitioner's direct appeal, the Court must consider whether <u>Stone v. Powell</u>, 428 U.S. 465 (1976), precludes review of the merits of this claim in the instant federal habeas proceeding.  Moreover, if the Fourth Amendment claim asserted in ground one was raised in Petitioner's direct appeal, the claim in ground two of ineffective assistance of appellate counsel is meritless.  If the Fourth Amendment claim asserted in ground one was not raised in Petitioner's direct appeal, then the Court must still consider whether <u>Stone</u> precludes review of the merits of this claim.

With respect to the Petitioner's claim of ineffective assistance of appellate counsel asserted in ground two, Petitioner concedes he did not exhaust this Sixth Amendment claim in his direct appeal.  The Court must consider whether the Petition should be dismissed based on Petitioner's failure to exhaust state court remedies concerning this claim or whether the Petition is subject to dismissal despite the Petitioner's failure to exhaust the claim.  <u>See</u> 28 U.S.C. § 2254(b)(1)(prohibiting habeas relief unless the petitioner has exhausted state court remedies); 28 U.S.C. § 2254(b)(2)(allowing the court to dismiss a habeas petition on the merits despite a failure to exhaust state court remedies).

Despite these procedural complexities, Respondent simply contends in his Motion to Dismiss and supplemental pleading that Petitioner has presented the Court with a "mixed" Petition because the Fourth Amendment claim in ground one was exhausted by raising the claim in Petitioner's direct appeal and the Sixth Amendment claim in ground two has not been exhausted in the state courts.  Respondent's Brief in Support of Motion to Dismiss.

II. <u>Custody</u>

Preliminarily, it appears that Petitioner is not in custody with respect to his conviction for Possession of Drug Paraphernalia.  Publicly-available records maintained by the Oklahoma Department of Corrections ("DOC") on the state agency's website, of which the undersigned takes judicial notice, reflect that Petitioner is in DOC custody serving only the thirteen-year sentence for the trafficking conviction and that he is not in custody pursuant to the possession conviction. See <http://www.doc.state.ok.us/DOCS/offender_info.htm> (offender information for Blaise Kokinda). Consequently, Petitioner cannot challenge the expired conviction for Possession of Drug Paraphernalia entered in Case No. CF-03-39 in a federal habeas proceeding. See Davis v. Roberts, 425 F.3d 830, 834 (10th Cir. 2005)(holding district court lacked jurisdiction to review 28 U.S.C. § 2254 petition filed by state prisoner with respect to expired conviction because a habeas petitioner is not in custody, as required by 28 U.S.C. § 2241(c)(3), under a conviction after the sentence imposed for it has fully expired).  The Petition is therefore construed to assert a challenge solely to the trafficking conviction entered against Petitioner in Case No. CF-03-39.

III. Stone v. Powell Restriction on Habeas Review of Fourth Amendment Claims

In  Stone v. Powell, 428 U.S. 465, 482 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." The "opportunity for full and fair consideration" of a Fourth Amendment claim envisioned in Powell "includes, but is not limited to, the procedural

opportunity to raise or otherwise present a Fourth Amendment claim," a "full and fair evidentiary hearing," and "recognition and at least colorable application of the correct Fourth Amendment constitutional standards." Gamble v. State of Oklahoma, 583 F.2d 1161, 1165 (10th Cir. 1978).  With respect to the issue raised in ground one of the Petition, a review of the state court record presented by Respondent conclusively shows that Petitioner was provided multiple opportunities in the trial court and on appeal to fully and fairly litigate a Fourth Amendment claim of an unreasonable search and seizure.  Accordingly, Petitioner's claim in ground one does not present a cognizable claim for federal habeas relief.

IV. Ineffective Assistance of Appellate Counsel

As to the Sixth Amendment claim asserted in ground two of the Petition, this claim lacks merit and the Petition should therefore be denied despite Petitioner's failure to exhaust this claim in the state courts. 28 U.S.C. § 2254(b)(2). To establish that he received constitutionally ineffective assistance of appellate counsel, Petitioner must satisfy both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668 (1984); that is, he must show that his appellate attorney's representation fell below an objective standard of reasonableness and that counsel's error(s) prejudiced the Petitioner.  Strickland, 466 U.S. at 687.  Prejudice is shown only where there is a reasonable probability that if the error(s) had not occurred the result of the appeal would have been different. Id.  "Judicial scrutiny of the adequacy of attorney performance must be strongly deferential: '[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" United States v. Blackwell, 127 F.3d 947, 955 (10th Cir.

1997)(quoting <u>Strickland</u>, 466 U.S. at 689). "Moreover, the reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the error." <u>Id.</u>  <u>Accord</u>, <u>Kimmelman v. Morrison,</u> 477 U.S. 365, 381 (1986); <u>Strickland</u>, 466 U.S. at 689.

The Sixth Amendment "does not require an attorney to raise every nonfrivolous issue on appeal." <u>Banks v. Reynolds</u>, 54 F.3d 1508, 1515 (10th Cir. 1995)(citing <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983)).  "It is completely reasonable, and in fact advisable, for appellate counsel to eliminate weak but arguable claims and pursue issues on appeal which are more likely to succeed." <u>Jackson v. Shanks</u>, 143 F.3d 1313, 1321 (10th Cir.), <u>cert. denied</u>, 525 U.S. 950 (1998). <u>See</u> <u>Hawkins v. Hannigan</u>, 185 F.3d 1146, 1152 (10th Cir. 1999)(if omitted issue is meritless, then counsel's failure to raise it on appeal is not constitutionally ineffective assistance).  If an issue that appellate counsel failed to raise has merit, the court must determine whether counsel's failure to raise the issue was deficient and prejudicial.  "If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance...." <u>Cargle v. Mullin</u>, 317 F.3d 1196, 1202 (10th Cir. 2003).  If the omitted issue "has merit but is not so compelling ... [the court must assess] ... the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance." <u>Id.</u>

In Petitioner's direct appeal, his appellate counsel presented a Fourth Amendment claim of unreasonable search and seizure on behalf of Petitioner.  Appellate counsel argued

that (1) the traffic stop was premised on the violation of a traffic law that was unconstitutionally void for vagueness and (2) the officer who conducted the traffic stop did not have a reasonable, articulable suspicion of criminal activity sufficient to justify his continued detention of Petitioner for questioning after the justification for the initial traffic stop ended.  Appellate counsel cogently argued that the factors which the officer testified formed the basis of his suspicion of criminal activity were not sufficient to justify the continued detention of Petitioner beyond the time that the officer initially detained Petitioner for the traffic violation.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.  Although a traffic stop is considered a "seizure" within the meaning of the Fourth Amendment, it is analyzed under the analogous principles developed for investigative detentions.  United States v. Williams, 271 F.3d 1262, 1266 (10th Cir. 2001), cert. denied, 535 U.S. 1019 (2002).  These principles, first set forth in Terry v. Ohio, 392 U.S. 1, 88 (1968), require a determination of the reasonableness of an investigative detention which involves an inquiry first as to "whether the officer's action was justified at its inception" and second "whether it was reasonably related in scope to the circumstances which justified the interference in the first place." Id. at 20.

Petitioner's appellate counsel presented arguments with respect to each of these issues.  Petitioner contends that his appellate counsel should have presented a different argument in support of the Fourth Amendment claim.  Petitioner contends that the

warrantless search of his vehicle was conducted without probable cause and was therefore unconstitutional because a drug dog was allowed to enter Petitioner's vehicle through an open window. Petitioner alleges that he denied the officer who conducted the traffic stop permission to search his vehicle, that Petitioner was then removed from the vehicle, that another officer brought a drug dog to the vehicle, and that the officer handling the dog allowed the dog to jump into the vehicle through an open window even though "there is no evidence in the record that the dog handler did anything to encourage the dog to jump through the open window." Petitioner does not indicate whether his counsel raised this specific Fourth Amendment argument either in the motion to suppress hearing conducted before trial or during the trial. Nor does Petitioner cite specific page references in the trial transcripts despite his statement that the "trial transcripts" support his version of the facts. However, Petitioner's appellate counsel asserted in the brief filed in the direct appeal that "Deputy Johnson employed his canine 'Shaft' in an exterior screen of the vehicle. While performing this task, 'Shaft' jumped through an open window on the driver's side of Kokinda's rental vehicle and then 'jumped directly back to the back cargo area of the vehicle, indicating on some of the luggage inside the vehicle.'" Respondent's Supplemental Brief, Ex. 1, at 4. Petitioner's appellate counsel did not assert that the search of Petitioner's vehicle was conducted without probable cause because of the dog's action of jumping through the open window of the rental vehicle. Rather, appellate counsel's argument centered on the reasonableness of the prolonged detention of Petitioner by the officer who conducted the traffic stop. The OCCA found that the officer had sufficient reason to prolong the detention

of Petitioner.  Furthermore, the OCCA found that "once the drug dog alerted to the presence of drugs, there was sufficient probable cause to search the car without a warrant." Brief in Support of Motion to Dismiss, Ex. 1, at 3.   Although Petitioner's appellate counsel could have asserted that the Fourth Amendment violation occurred when the drug dog was allowed to enter Petitioner's vehicle through an open window, "failure to present the best possible argument is not, at least in most cases, the same as constitutionally deficient representation." Goble v. Saffle, No. 03-6116, 2006 WL 1901022 (10th Cir. July 12, 2006)(unpublished op.).

The OCCA found that the officer who stopped Petitioner had a reasonable suspicion to believe that the Petitioner was engaged in illegal activity and thus the officer could detain Petitioner for further questioning beyond the time period needed for the initial detention related to the traffic violation.  The OCCA applied the correct Fourth Amendment standard in its analysis of the factual circumstances in Petitioner's case. See United States v. Hunnicutt, 135 F.3d 1345, 1349 (10th Cir. 1998)(lengthening investigative detention for further questioning beyond that related to initial traffic stop is permissible if officer has objectively reasonable and articulable suspicion illegal activity has occurred or is occurring). In Hunnicutt, the Tenth Circuit Court of Appeals identified a "variety of factors" that might form an objectively reasonable suspicion of illegal activity, including no proof of ownership of the vehicle, no proof of authority to operate the vehicle, inconsistent statements about destination, driving with a suspended license, and reluctance to stop, and the court noted that "the inability to offer proof of ownership or authorization to operate the vehicle [had] figured prominently in many of [the court's] cases upholding further questioning." Id. (citations

therein).  The OCCA found in Petitioner's appeal that Petitioner's "untruthfulness about his criminal record, his extreme nervousness, unusual travel plans, and his questionable authority to be driving the car rented in his girlfriend's name warranted his prolonged detention" following the traffic stop.  Respondent's Brief in Support of Motion to Dismiss, Ex. 1, at 3. Petitioner does not question the OCCA's factual findings expressed in the court's decision or the appellate court's decision that the officer had reasonable suspicion of criminal activity to justify detaining Petitioner after the traffic stop for further questioning.  Rather, Petitioner focuses solely on the use of a drug dog to establish probable cause to search the vehicle.

As the Tenth Circuit reiterated in Hunnicutt, "[a] canine sniff itself does not implicate Fourth Amendment rights because of the limited information it provides and its minimal intrusiveness." Hunnicutt, 135 F.3d at 1350.   See Illinois v. Caballes, 543 U.S. 405, 409 (2005)(holding "use of a well-trained narcotics-detection dog - one that 'does not expose noncontraband items that otherwise would remain hidden from public view' - during a lawful traffic stop, generally does not implicate legitimate privacy interests")(internal citation omitted)(quoting United States v. Place, 462 U.S. 696, 707 (1983)).   Thus, no Fourth Amendment violation occurred merely because the officer who stopped Petitioner directed another officer to conduct a canine sniff of the rented vehicle based on reasonable suspicion of criminal activity.

A "warrantless search of a car is valid if based on probable cause." Ornelas v. United States, 517 U.S. 690, 693 (1996)(citing California v. Acevedo, 500 U.S. 565, 569-570 (1991)).  Petitioner admits that he opended the vehicle's driver's side window when he was

initially stopped by the officer and that "there is no evidence in the record that the dog handler did anything to encourage the dog to jump through the open window..."   In light of Petitioner's own admissions in his Petition, it is clear that Petitioner's appellate counsel's failure to raise a Fourth Amendment claim based on the lack of probable cause to search the vehicle was not professionally deficient representation.

In <u>United States v. Stone</u>, 866 F.2d 359 (10th Cir. 1989), the Tenth Circuit Court of Appeals held that the Fourth Amendment was not implicated when a narcotics-detection dog jumped through an open hatchback door of a suspect's vehicle during a valid investigatory traffic stop because the dog's action was "instinctive." <u>Id.</u> at 364.  In that case, the court noted that there was no evidence that the police asked Stone to open the hatchback so the dog could jump in or any evidence the police handler encouraged the dog to jump in the car. <u>Id.</u> Petitioner's assertion that he rolled down the car window at the officer's direction does not distinguish Petitioner's case from the factual circumstances in <u>Stone</u>.  Petitioner states that he had "already been removed from the vehicle" at the time of the canine sniff and that "the driver's side window had been rolled down, per the Officer's order, so that he might initially speak with Petitioner after stopping him." According to Petitioner's own statements in his Petition, the officer did not direct him to open the vehicle's window so that the drug dog could jump in the vehicle, and the officer who handled the drug dog during the canine sniff of Petitioner's vehicle did not encourage the dog to jump into the vehicle's open driver-side window.  Accordingly, the officers did not take any action to place the dog inside the vehicle, and the dog's leap into the open window of the rented vehicle before he alerted to the

presence of narcotics did not violate the Fourth Amendment.  The dog alerted to the rear of the vehicle after the dog was inside the vehicle, and, as the OCCA found, "once the drug dog alerted to the presence of drugs there was sufficient probable cause to search the car without a warrant."  See United States v. Ludwig, 10 F.3d 1523, 1527 (10th Cir. 1993)(dog alert gives probable cause to search).

Petitioner has not shown that his appellate counsel's performance was objectively unreasonable, and Petitioner's claim in ground two of a Sixth Amendment violation premised on his appellate counsel's failure to challenge the issue of probable cause to search the vehicle without a warrant is without merit.  Accordingly, the Petition should be DENIED notwithstanding Petitioner's failure to exhaust his Sixth Amendment claim asserted in ground two.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss Petition for Habeas Corpus for Failure to Exhaust State Court Remedies (Doc. # 11) be DENIED. It is further recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED.  The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by October 30th , 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The parties are further advised that failure to make timely objection to this Supplemental Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656 (10th Cir.

1991).

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ____10th____ day of ____October____, 2006.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE