**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BLAISE KOKINDA, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | NO. CIV-06-0828-HE |
| ) | |
| CHARLES PETERSON, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Petitioner Blaise Kokinda, a state prisoner appearing pro se, instituted this action pursuant to 28 U.S.C. § 2254 seeking habeas relief. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell, who has recommended that a motion to dismiss for failure to exhaust state court remedies filed by the respondent be denied and that the petition be denied. An objection has been filed by the petitioner.

The petitioner was convicted by a jury of trafficking in illegal drugs and possessing drug paraphernalia. He was sentenced to thirteen years imprisonment on the trafficking charge and six months incarceration in the county jail on the possession charge, the sentences to be served concurrently. The Oklahoma Court of Criminal Appeals affirmed his convictions and sentences on appeal. He did not seek post-conviction relief from the state district court.

In his habeas petition the petitioner asserts two grounds for relief. He claims his Fourth amendment rights were violated by the warrantless search of the vehicle he was

driving at the time of his arrest (Ground One)[1] and that his trial counsel was ineffective by failing to argue that the search was illegal because it was effected by a drug dog jumping into the automobile through an open car window (Ground two).[2]

Initially, the magistrate judge concluded the court lacks jurisdiction to review any challenge to the petitioner's conviction for possessing drug paraphernalia because he has served the sentence imposed for that conviction and is no longer in custody as required by § 2254. He then rejected the petitioner's first ground for relief, finding the petitioner's Fourth Amendment challenge is foreclosed by Stone v. Powell, 428 U.S. 465 (1976).[3]

The magistrate judge also concluded petitioner's counsel was not ineffective for failing to argue that the vehicle was unconstitutionally searched when, without probable cause, the dog jumped through an open window into the car.[4] He noted in his Report and

---

[1]*The petitioner filed a motion to suppress the evidence that was seized as a result of the search, but the trial court denied it.*

[2]*The petitioner states in his habeas petition that he included his first ground for relief in his direct appeal. The magistrate judge concluded that regardless of whether he had exhausted that claim, the court had to consider whether Stone v. Powell, 428 U.S. 465 (1976) precluded its review. The petitioner conceded he did not raise his Sixth Amendment claim in his direct appeal, but the magistrate judge proceeded to address the merits of that claim. See 28 U.S.C. § 2254(b)(2).*

[3]*Magistrate Judge Purcell found that the petitioner had been provided multiple opportunities by the state to fully and fairly litigate his Fourth Amendment claim.*

[4]*"Although under Stone v. Powell, 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), petitioner may not raise a Fourth Amendment claim on collateral review if he had a full and fair opportunity to litigate those issues in state court, he may raise the issue to support an ineffective assistance of counsel claim. Kimmelman v. Morrison, 477 U.S. 365, 375, 382-83, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986)." Long v. Jordan, 2005 WL 327705, at *2 (10th Cir. Feb. 11, 2005), an unpublished decision cited for persuasive value only under 10th Cir. R. 36.3(B).*

Recommendation that a similar argument had been rejected by the Tenth Circuit in <u>United States v. Stone</u>, 866 F.2d 359 (10th Cir. 1989) and that the petitioner admitted that "'there is no evidence in the record that the dog handler did anything to encourage the dog to jump through the open window ...." Report and Recommendation, p. 13 (quoting petition, p. 5, Ground Two (a)).[5]

In his objection to the Report and Recommendation the petitioner now asserts that his attorney was ineffective because he offered "no defense" at the trial. He claims his counsel failed to cross-examine three of the State's four witnesses: the deputy who handled the dog that leapt into the vehicle, the detective who questioned the petitioner on a video tape or the witness from the Oklahoma City police department's forensic laboratory.[6] The court will not consider this additional basis for the petitioner's Sixth Amendment claim because he failed to present it to the magistrate judge. "In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived." <u>United States v. Garfinkle</u>, 261 F.3d 1030, 1031 (10th Cir. 2001).

The petitioner's other arguments – that the initial stop and prolonged detention were illegal, as was the subsequent warrantless search due to the dog's unauthorized entry into the vehicle without the petitioner's consent or probable cause – are not persuasive for the reasons articulated by the magistrate judge.

---

[5]*The Tenth Circuit's decision in <u>Stone</u> was based on the lack of evidence that the police had asked Stone to open the hatchback so the dog could jump in or that the dog handler had encouraged the dog to jump into the car. <u>Stone</u>, 866 F.2d at 364.*

[6]*Although the petitioner purports to quote from the trial transcript in his Objection, the transcript is not part of the record before the court.*

Accordingly, the court concurs with Magistrate Judge Purcell's analysis of the issues and applicable law and adopts his Report and Recommendation. The respondent's motion to dismiss for failure to exhaust [Doc. #11][7] and the petition for writ of habeas corpus are **DENIED.**[8]

**IT IS SO ORDERED**.

Dated this 5th day of December, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[7]*At the conclusion of his Objection the petitioner asks the court, in lieu of addressing his ineffective assistance of counsel claim on the merits, to allow him to return to state court and exhaust it. However, in response to the respondent's motion requesting dismissal of the petition because it included an unexhausted claim, the petitioner asked the court to deny the motion and "Order Respondent to file a Response on the merits of the propositions before this Honorable Court." He then asked, in the alternative, that the court "direct that an Evidentiary Hearing be held on the merits of the Petition; else, that the current Petition be Ordered held in abeyance to allow exhaustion of the issues in question." Petitioner's Reply, p. 2[Doc. #14]. By essentially asking the magistrate judge to consider the merits of his Sixth Amendment claim, the petitioner has waived his right to seek now to exhaust it. However, if the petition was dismissed to allow exhaustion to occur and then refiled, it would be untimely. See 28 U.S.C. § 2244(d)(1).*

[8]*Although requested by the petitioner, an evidentiary hearing is not required to resolve the claims which the court has found appropriate to review.*